UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
New Albany Division

LISA BRYAN
409 Owens Way APT 108
Hanover, IN 47243

        Plaintiff

v.                           CASE NO. 4:21-cv-160

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

SERVE REGISTERED AGENT: Corporation Service Company
                                    135 North Pennsylvania Street, Suite 1610
                                    Indianapolis, IN 46204 (BY CERTIFIED MAIL)

AND

TRANSUNION, LLC
35 Miller Avenue, Unit 123
Mill Valley, IL 60661

SERVE REGISTERED AGENT: The Prentice-Hall Corporation System, Inc.
                                    251 East Ohio Street, Suite 500
                                    Indianapolis, IN 46204 (BY CERTIFIED MAIL)

        Defendants

## VERIFIED COMPLAINT

Comes the Plaintiff, Lisa Bryan, by counsel, and for her Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax") and TransUnion, LLC ("TransUnion"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.* arising out of Defendants' failure to investigate Plaintiff's credit reporting

disputes their failure to correct Plaintiff's credit reports.

## II. PARTIES

2. Plaintiff, Lisa Bryan, is currently and was at all relevant times a citizen of the State of Indiana residing at 490 Owens Way Apt. 108, Clarksville, IN 47129.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the State of Indiana with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(p).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, TransUnion, is a corporation organized under the laws of the State of Delaware and doing business in the State of Indiana with its principal place of business located at 35 Miller Avenue, Unit 123, Mill Valley, IL 60661.

8. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(p).

9. TransUnion is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

10. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p), (2) pursuant to 28 U.S.C. §1331 and (3) because the transactions and occurrences giving rise to this action occurred in Floyd County, Indiana as a result of the Defendants' doing business in Floyd County, Indiana.

### IV. FACTUAL BACKGROUND

11. On or around January 11, 2021, Plaintiff was seeking mortgage financing, authorized Statewide Mortgage access to her credit reports and discovered that TransUnion was reporting a number of tradelines which either evidenced incorrect and/or impermissible default history or accounts which do not belong to Plaintiff. As a result, Plaintiff was denied mortgage financing.

12. On or around July 20, 2021, Plaintiff was seeking credit, authorized Fortiva Credit Card access to her credit reports and discovered that Equifax was reporting a number of tradelines which either evidenced incorrect and/or impermissible default history or accounts which do not belong to Plaintiff. As a result, Plaintiff was denied credit.

13. On or about January 22, 2021 and March 9, 2021, Plaintiff filed written disputes with Equifax and TransUnion regarding the incorrect and/or impermissible tradelines.

14. Upon information and belief, Equifax and TransUnion, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified the identified creditors of the disputes at or within five (5) days of Equifax's and TransUnion's receiving notice of the disputes from Plaintiff.

15. As of the filing of this complaint, Equifax and TransUnion have not responded to Plaintiff's disputes of the incorrect and/or impermissible tradelines reported on Plaintiff's credit reports.

16. Despite Plaintiff's lawful request for removal or amendment of the disputed items pursuant to the FCRA, Equifax and TransUnion have failed to remove the disputed items from Plaintiff's credit reports.

17. Upon information and belief, Equifax and TransUnion did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed items within a reasonable time following their receipt of Plaintiff's disputes.

18. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' reporting of the incorrect and/or impermissible tradelines. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Equifax

Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

19. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its

reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – TransUnion**

Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

22. TransUnion's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed items are violations of TransUnion's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and TransUnion's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

23. TransUnion's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following TransUnion's receipt of Plaintiff's disputes are violations of TransUnion's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

24. TransUnion's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which TransUnion is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

25. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

27. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – TransUnion**

Plaintiff hereby adopts and incorporates the allegations contained in the above pleaded paragraphs as if fully set forth herein.

28. TransUnion's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines despite TransUnion's knowledge of the falsity of the disputed items are willful violations of TransUnion's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and

TransUnion's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

29. TransUnion's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following TransUnion's receipt of Plaintiff's disputes are willful violations of TransUnion's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

30. TransUnion's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which TransUnion is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Lisa Bryan, respectfully demands the following:

1. Trial by jury on all issues so triable;
2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;
3. For attorneys' fees and costs, and
4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully Submitted:

s/J. Clayton Culotta
J. Clayton Culotta, # 26733-11
Culotta & Culotta LLP
815 E. Market Street
New Albany, IN 47150
Telephone No. (812) 913-6988
Facsimile No. (812) 941-8883
clay@culottalaw.com

Counsel for Plaintiff

**VERIFICATION**

I, Lisa Bryan, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

Lisa Bryan
_____________________
Lisa Bryan

STATE OF INDIANA)
) SS
COUNTY OF CLARK)

Subscribed, sworn to and acknowledged before me by Lisa Bryan this 23rd day of Sept., 2021.

James A. Lee
Notary Public, State of Indiana
Clark County
Commission Number NP0782356
My Commission Expires
March 08, 2029

Notary Public: James A. Lee

Commission expires: 3-8-29